**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Toby Dee Brown,                          Case No. 5:13CV1217

        Petitioner

     v.                                  **ORDER**

Ed Sheldon, Warden,

        Respondent

*Pro se* petitioner Toby Dee Brown has filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1997 convictions for the aggravated murder of Julius Norman, aggravated robbery, aggravated burglary, tampering with evidence, and failing to comply with a police officer's order. (Doc. 1). For the reasons that follow, I deny the petition.

**Background**

In the early morning hours of August 5, 1996, petitioner and Jerry Franks entered Norman's home, intending to rob him of drugs and cash. *State v. Brown*, 1998 WL 696770 (Ohio App.). Franks ordered the occupants onto the floor and told petitioner to stand over Norman. However, Norman grabbed for petitioner's gun, which discharged twice. Petitioner regained possession of the gun and fled the home, hearing four or five additional gun shots as he left. He disposed of his gun in a nearby trash can and returned to Norman's home, where he found Franks covered in blood. Franks said he had been shot, but he did not say that Norman, too, had been shot. Norman died of a gunshot wound.

After hearing this and other evidence, a jury in the Common Pleas Court of Summit County convicted petitioner on all charges, and the court sentenced him to life imprisonment, with parole eligibility after thirty years.

Petitioner appealed, arguing as relevant here that there was insufficient evidence to support the jury's finding that he was a "principal offender" – a finding that, under R.C. 2929.03(C)(2), required either a life sentence without parole or a life sentence with parole eligibility after twenty-five or thirty years' imprisonment. The Ohio Court of Appeals agreed, vacated petitioner's sentence, and remanded for resentencing. Petitioner did not appeal his new sentence.

Ten years later, petitioner again sought to be resentenced. *State v. Brown*, 2010 WL 3676851 (Ohio App.). The trial court issued a new sentencing order on October 27, 2009.

Petitioner again appealed. Initially, he moved the appellate court for a three-month extension of time in which to obtain and file missing transcripts, but the court denied that motion. On the merits, petitioner raised five assignments of error. The first two concerned the denial of the extension of time. His third assignment asserted that the trial court erred in finding him guilty of aggravated robbery. In his fourth assignment of error, petitioner claimed that his aggravated battery conviction was void. Finally, petitioner alleged that his conviction for failure to comply should be reduced from a fourth-degree felony to a first-degree misdemeanor.

The Court of Appeals agreed with petitioner's fifth assignment and reversed and remanded for yet another sentencing hearing.

The trial court issued the new sentencing entry in August, 2011.

Petitioner did not appeal the new sentencing order. Rather, he filed a *pro se* Motion to Correct Illegal Sentence, which the trial court denied. *State v. Brown*, 2012 WL 5943538 (Ohio

App.). Petitioner appealed, alleging that he was "denied his rights under the Fifth and Fourteenth Amendments when the State failed to produce sufficient evidence to support the Defendant's sentence and conviction for the charge of aggravated murder." *Id.*, *2. The Court of Appeals, citing *State v. Perry*, 10 Ohio St. 2d 175 (1967), rejected petitioner's claims as barred by the doctrine of *res judicata* because Petitioner could have and should have asserted it on direct appeal.

Petitioner claims he filed an appeal of this decision to the Ohio Supreme Court, and that the court declined to accept jurisdiction in March 2013.

In May, 2013, petitioner filed a habeas petition in this court, raising one claim:

> Void judgment grand miscarriage [sic] of Constitutional justice in violation of the 5th, 6th, and 14th Amendment stemming from a nullity and a trial court process 28 U.S.C. § 2254(d)(2).

(Doc. 1 at 5).

In an accompanying "Statement of Material Facts," petitioner states that, in light of the appellate court's finding on direct appeal that there was insufficient evidence to prove he was the principal offender, his detention is unlawful. He contends that the appellate court's finding negated not only the principal-offender specification, but also "the murder charge as well as clearly the element of the charge of murder." (Doc.1 at 15-16). Petitioner asserts that he exhausted this claim by filing the Motion to Correct Illegal Sentence and appealing the trial court's adverse decision.

**Procedural Default Doctrine**

Before a federal court will review the merits of a habeas petition, a petitioner must overcome several procedural hurdles. These include the exhaustion rule and the procedural default doctrine.

As a general rule, a state prisoner must exhaust his state remedies before filing a habeas corpus petition. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). To exhaust

a claim, a prisoner must present give each state court a full and fair opportunity to resolve it. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The procedural default doctrine precludes federal habeas courts from addressing claims that a state court declined to address because of the petitioner's failure to comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a state court rejects a claim for failure to comply with a procedural requirements, the court's judgment "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

To determine if a claim is procedurally defaulted, a court considers whether: (1) the petitioner failed to comply with an applicable procedural requirement; (2) the state courts actually enforced that rule; and (3) the state rule is adequate and independent. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

If the state court's rejection of a claim rests on adequate and independent grounds, a federal court will not consider it unless petitioner demonstrates cause and prejudice or that a failure to consider his claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Here, the Ohio Court of Appeals rejected petitioner's claim on adequate and independent grounds. When petitioner raised his insufficient-evidence claim on appeal from the denial of the motion to correct illegal sentence, the appellate court declined to address its merits. Rather, the court invoked Ohio's *res judicata* rule, under which claims that could have been raised on direct appeal will not be considered in later proceedings. *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967). Because

the state appellate court rejected petitioner's claim on that basis, and because Ohio's *res judicata* rule is adequate and independent, petitioner's claim is procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001).

Petitioner offers no explanation for his failure to assert this ground in one of his direct appeals. He had two opportunities to raise this ground in his prior appeals and did not do so. He has not established "cause" for the default. Nor does he allege that he is innocent of the offense, and nothing in the record suggests there is any other basis on which to excuse his default.

**Conclusion**

It is, therefore,

ORDERED THAT

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is denied.

2. In accordance will Rule 11 of the Rules Governing Section 2254 Cases, no certificate of appealability shall issue, for reasonable jurists could not debate that petitioner's claim is procedurally defaulted.

3. The court certifies that, under 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge